**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRYAN PETERSON,**

    **Plaintiff,**

v.                                        **CASE NO.:**

**LIBRARY JV MANAGEMENT LLC,**
**OXFORD EXCHANGE, LLC**
**and ALLISON CASPER ADAMS, an individual**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRYAN PETERSON, by and through undersigned counsel, brings this action against Defendants, LIBRARY JV MANAGEMENT LLC ("Defendant Library"), OXFORD EXCHANGE, LLC, ("Defendant Oxford") and ALLISON CASPER ADAMS ("Defendant Casper Adams") in her individual capacity, (collectively "Defendants") and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for retaliation.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred within this judicial district.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendants operate restaurants in Tampa and St. Petersburg, in Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendants continue to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendants Library and Oxford exceeded $500,000 per year.

15. Defendant Allison Casper Adams is the owner of Defendants Library and Oxford. The two restaurants share common ownership and management. Indeed, Plaintiff worked at both restaurant during his employment with Defendants.

16.     As part of her duties, Defendant Casper Adams supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant Casper Adams also controlled the payroll practices of Defendants.

17.     Through the exercise of dominion and control over all employee-related matters at Defendants, in her individual capacity Allison Casper Adams is also an "employer" within the meaning of the FLSA.

18.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

19.     Plaintiff began working for Defendants as a General Manager in June 2018, and he worked in this capacity until April 1, 2020.

20.     Plaintiff was a salaried exempt worker under the FLSA.

21.     As a salaried exempt worker, Plaintiff was entitled to receive his full salary in any week in which he performed any work.

22.     Plaintiff worked for Defendants on March 30 and March 31, 2020.

23.     On March 31, 2020, Defendants told Plaintiff they were planning on not paying him for the work he did on those two days.

24.     On March 31, 2020, Plaintiff objected to Defendants about his belief that he was not being paid in accordance with the FLSA.

25.     On April 1, 2020, Defendants terminated Plaintiffs employment in retaliation for engaging in protected activity under the FLSA.

26. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## **COUNT I – FLSA RETALIATION**

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. Plaintiff engaged in protected activity under the FLSA by objecting to Defendants' alleged violation of the salaried exempt employees sections of the FLSA.

29. Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA by terminating Plaintiff's employment.

30. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

31. Plaintiff was injured due to Defendants' violations of the FLSA.

*WHEREFORE*, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

    (c)    Judgment against Defendants, stating that Defendants retaliated against Plaintiff in violation of the FLSA;

    (d)    Compensation for lost wages, benefits, and other remuneration;

    (e)    Compensatory damages, including emotional distress, allowable at law; and

    (f)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 4th day of May, 2020.

                                                      Respectfully submitted,

                                                    _____
                                                    **LUIS A. CABASSA**
                                                    Florida Bar Number: 0053643
                                                    **WENZEL FENTON CABASSA, P.A.**
                                                      1110 N. Florida Avenue, Suite 300
                                                      Tampa, Florida 33602
                                                      Main Number: 813-224-0431
                                                      Direct Dial: (813) 379-2565
                                                      Facsimile: 813-229-8712
                                                      Email: lcabassa@wfclaw.com
                                                      Email: gnichols@wfclaw.com
                                                      **Attorneys for Plaintiff**